**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Steven Norris,** | **Case No. 1:26cv01109** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Kayleen Harrah, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Steven Norris filed this civil rights action pursuant to 42 U.S.C. § 1983 against Kayleen Harrah and Regine Wells for the purported violation of 18 U.S.C. § 1506. (Doc. No. 1). Plaintiff also filed a Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. (Doc. No. 3).

Accompanying the Complaint, Plaintiff filed an application to proceed in this action *in forma pauperis*. (Doc. No. 2). The Court grants the application, but for the following reasons, the Court dismisses the action.

### I. Background

Plaintiff's Complaint concerns the alleged misconduct of two case workers, Harrah and Wells, who are associated with Plaintiff's parental rights proceedings in the Cuyahoga County Juvenile Court. Plaintiff alleges that Defendants, in the course of the state court proceedings, have committed "multiple violations" of 18 U.S.C. § 1506, including: tampering with official records, fraud, falsification, violation of the Interstate Agreement Act involving minors, making false

statements, tampering with "SAWIS," and making false statements against law enforcement officials. (Doc. No. 1 at 2). Plaintiff alleges that the defendants have been "harassing the Norris family since 2023," obtained a "writ of warrant" for Plaintiff's minor children by misleading the Juvenile Court, "intentionally did not protect" Plaintiff's minor child, K.N., deleted emails, fabricated stories, and lied to a Cuyahoga County Sheriff. (*Id.* at 2-3). Plaintiff claims that because of Defendants' conduct, he has lost "parenting time" and has been unable to remain employed. (*Id.* at 3).

In his Complaint, Plaintiff requests monetary relief. (*Id.*). In his Motion for Preliminary Injunction, Plaintiff requests an order preventing Defendants from harassing him. (*See* Doc. No. 3 at 1).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

Plaintiff's Complaint concerns the conduct of two case workers associated with proceedings in the Cuyahoga County Juvenile Court concerning Plaintiff's parental rights. He claims that the case workers' conduct violates 18 U.S.C. § 1506, and he asks the Court for an order requiring the case workers to stop harassing him. (*See* Doc. No. 3).

To the extent Plaintiff seeks this Court's intervention in the state court proceedings, the Court must abstain from hearing challenges to Plaintiff's state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When an individual is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state

defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, if the state court proceedings in Cuyahoga County Juvenile Court are still pending, all three factors supporting abstention are present. State court proceedings involving parental rights

implicate important state interests. *Moore v. Sims*, 442 U.S. at 435 (applying *Younger* abstention, stating that "[f]amily relations are a traditional area of state concern."); *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (applying abstention doctrine to dismiss plaintiffs' challenge to juvenile court procedures used to temporarily remove children from their custody); *Butterfield v. Steiner*, No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]"). And there is no suggestion in the Complaint that any purported claim in this federal lawsuit is barred in the state action. The Court must therefore abstain from interfering with Plaintiff's pending Juvenile Court proceedings.

And even if the Court could intervene, Plaintiff cannot maintain an action against Defendants for a violation of 18 U.S.C. § 1506. Title 18 U.S.C. § 1506 is a federal statute that establishes criminal penalties for obstruction of justice in a federal court. This criminal statute provides no private cause of action for an alleged violation of the statute. *Hamilton v. Reed*, 29 Fed. App'x. 202, 204 (6th Cir. 2002); *Daniels v. Kroger Co.*, No. l:10-cv-148, 2011 WL 665353, 2011 U.S. Dist. LEXIS 13839, *8 (Jan. 21, 2011). Plaintiff therefore fails to state a claim under 18 U.S.C. § 1506.

### IV. Conclusion

The Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2). And for the foregoing reasons, the Court denies Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) and dismisses this action pursuant to 28 U.S.C. §1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/*Pamela A. Barker*
PAMELA A. BARKER
Date:  7/24/2026                                    U. S. DISTRICT JUDGE